
BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP            BDFTE NO. 00000002009587
1900 ST. JAMES PLACE SUITE 500
HOUSTON, TX 77056
(713) 621-8673

Attorney for U.S. BANK, N.A., ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 10-40699-BTR-13 |
| | § | |
| BRYAN J. SMITH and BRENDA K. SKIPPER, | § § | |
| Debtor | § | CHAPTER 13 |
| | § | |
| U.S. BANK, N.A., ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST, | § § § | |
| Movant | § | FINAL HEARING DATE: 01/12/2011 |
| | § | |
| v. | § | TIME: 01:30 PM |
| | § | |
| BRYAN J. SMITH and BRENDA K. SKIPPER; JANNA L. COUNTRYMAN, Trustee | § § § | |
| Respondents | § | JUDGE BRENDA T. RHOADES |

## AGREED ORDER CONDITIONING AUTOMATIC STAY OF ACTION AGAINST DEBTOR PURSUANT TO 11 U.S.C. § 362

Came on for consideration the Motion For Relief from Stay, filed by U.S. BANK, N.A., ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST, (hereinafter "MOVANT"), a secured creditor in the above entitled and numbered cause. The Court, having considered said Motion and the agreement of counsel, is of the opinion that the following Agreed Order should be entered. It is therefore, **ORDERED, ADJUDGED, AND DECREED** that:

1.  **Automatic Stay:** The Automatic Stay provided by 11 U.S.C. §362 shall remain in effect, except as provided below.

2.  **Current Monthly Payments:** Debtor shall continue to remit to the Movant the

regular post-petition monthly payments beginning February 01, 2011, and continue said payments thereafter pursuant to that certain Note and Deed of Trust dated November 21, 2008. Said payments shall be paid to Movant at:

> U.S.BANK N.A.
> 4801 FREDERICA ST BOX 20005
> OWENSBORO, KY 42301

3.     **Modify Plan:** Debtor shall have 30 days from the date of the hearing or before February 11, 2011 to modify Debtor's Chapter 13 Plan to include all post-petition arrearages and attorney's fees and costs in the total amount of $7,881.21 to be paid by the Chapter 13 Trustee through the Debtor's Chapter 13 Plan.  Said total amount consists of post-petition payments for the months of May 01, 2010 through January 1, 2011 and additional fees and costs detailed as follows:

| | | | |
|---|---|---|---|
| Monthly Payment Amount | $842.01 x 9 | | $7,578.09 |
| Late Charges | $33.68 x 9 | | $303.12 |
| Attorney's Fees | | $0.00 | |
| Costs | | $0.00 | |
| Total Attorney's Fees & Costs | | | $0.00 |
| Amount Due | | | $7,881.21 |
| Payment Received | | | $0.00 |
| Payment to be Received | | | $0.00 |
| Debtor Suspense | | | $0.00 |
| Total Balance Due Less Payment Received | | | $7,881.21 |

The "Post-Petition Arrearage" specified herein shall constitute an additional arrearage claim filed by Movant ("Additional Claim") in the bankruptcy proceeding and is hereby allowed by the Court.  If the Chapter 13 plan has been previously confirmed by the Court under 11 U.S.C. Section 1325 ("Confirmed Plan"), Debtor shall promptly modify the Plan, and the Chapter 13 Trustee shall make no distributions to Movant on the Additional Claim until Debtor has filed a modification of the Confirmed Plan pursuant to 11 U.S.C. Section 1329 ("Post-Confirmation

Modification"), served the Post-Confirmation Modification on all parties in interest entitled to notice, and obtained an Order from the Court approving the Post-Confirmation Modification. If the Plan has not been previously confirmed by the Court, the Debtor shall promptly modify the Plan prior to confirmation pursuant to 11 U.S.C. Section 1323 to provide for the Addtional Claim.

4. **Payments to Trustee:** Debtor shall remit to the Trustee the monthly payment provided for under the Debtor's Plan. Debtor shall bring current all delinquent and outstanding payments owed to the Trustee, if applicable, within 30 days of the date this Order is signed by the Bankruptcy Judge.

5. **Proof of Payments:** Debtor shall have 30 days from January 12, 2011 or until February 11, 2011 to provide proof of disputed payments. Proof shall consist of a copy of the front and back of a negotiable instrument that has been paid to Movant by the institution on which it has been drawn and has not been credited by Movant to Debtor's account. If said proof is provided by February 11, 2011, then U.S. BANK, N.A., ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST shall credit Debtor's account with said payments. If said proof is not provided to Movant the Debtor must tender to Movant the amount of $7,881.21 as stated above net of payments received and said net amount becomes due and owing under the terms stated in the Modify Plan Paragraph.

6. **Discharge:** Notwithstanding any provision hereof, the automatic stay of 11 U.S.C. §362 shall terminate, if not sooner terminated, upon entry of the Order of Discharge.

7. **Conversion to Chapter 7:** The payment terms of this Agreed Order shall not survive upon conversion to a case under Chapter 7 of the Code. In the event of conversion, Movant shall not be bound by the payment schedule of this Agreed Order. Upon conversion of

this case to a Chapter 7 case, all pre-petition and post-petition delinquent payments, fees, and charges due under the Note and Deed of Trust shall become immediately payable to Movant, and, if the Property has been properly exempted from the estate, failure to bring the loan contractually current by the date of entry of the conversion order shall be an event of default under the Default Paragraph of this Agreed Order.

8. **Effect of Non-sufficient Funds:** Tendering of a check to Movant by Debtor which is subsequently returned due to non-sufficient funds in the account upon which the check is drawn or due to any other reason shall not constitute a payment as required by the terms of this order and is an event of default.

9. **Default:** In the event Movant does not receive any payments by the dates set forth in the Current Monthly Payments Paragraph or if Debtor fails in Modify Plan Paragraph or Debtor does not remit the payment set forth in the Payments to Trustee Paragraph above, or in the event Debtor converts to Chapter 7 as set forth in the Conversion to Chapter 7 Paragraph, Movant shall send written notice by Regular Mail and by Certified Return Receipt Requested Mail, postage prepaid, to Debtor and Counsel for Debtor allowing Debtor a 10-day period from the date of such written notice to cure such delinquent payments. Cure payments must be made by certified funds only and Movant may charge Debtor $50.00 for any notice given pursuant to this Order. In the event Debtors fail to cure such delinquent payments within such 10-day period or in the event Debtors become delinquent after **two (2) notices of default,** the Automatic Stay shall terminate as to the Movant without further recourse to this Court and Movant shall be allowed to take any and all steps necessary to exercise any and all rights it may have in the collateral described as follows:

> LOT 7 & 8, BLOCK B, SUMMERFIELD ADDITION, AN ADDITION TO THE
> CITY OF GAINESVILLE, COOKE COUNTY, TEXAS, AS SHOWN BY THE
> RE-PLAT THEREOF RECORDED IN CABINET A, SLIDE 121, PLAT RECORDS

OF COOKE COUNTY, TEXAS. INCLUDES MANUFACTURED HOUSING UNIT (S) DESCRIBED AS FOLLOWS:
MAKE: LEGACY HOUSING
MODEL:
WIDTH: 31
LENGTH: 48.3
SERIAL #:
YEAR: 2008

SAID UNIT (S) ATTACHED TO THE LAND IN A PERMANENT MANNER SO AS TO BE RENDERED AN IMMOVABLE FIXTURE AND AN INTEGRAL PART OF THE SUBJECT PROPERTY.

IT IS FURTHER STIPULATED that the parties agree that Movant may immediately enforce and implement this Order granting relief from the automatic stay and that the provision of Rule 4001(a) (3), Federal Rules of Bankruptcy Procedure, shall not impede the enforcement and implementation of this Order.

Additionally, upon default, Movant shall notify the Court, Debtor, Attorney for Debtor, and the Chapter 13 Trustee that the Automatic Stay has been terminated.

**IT IS SO ORDERED.**

Signed on 01/11/2011

_Brenda T. Rhoades_  SD
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE

APPROVED AS TO FORM AND SUBSTANCE:

BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP


BY: /s/ MITCHELL BUCHMAN   Dja ~~ROBERT E. BARRON~~
  MITCHELL BUCHMAN     P. O. BOX 1347
  TX NO. 03290750       NEDERLAND, TX 77627
  1900 ST. JAMES PLACE SUITE 500
  HOUSTON, TX 77056     ATTORNEY FOR DEBTORS
  Telephone: (713) 621-8673
  Facsimile: (713) 621-8583
  E-mail: EDECF@BDFGROUP.COM
  ATTORNEY FOR MOVANT

APPROVED AS TO FORM AND SUBSTANCE:

BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP


BY: /s/ MITCHELL BUCHMAN
    MITCHELL BUCHMAN               ROBERT E. BARRON
    TX NO. 03290750                   P. O. BOX 1347
    1900 ST. JAMES PLACE SUITE 500   NEDERLAND, TX 77627
    HOUSTON, TX 77056
    Telephone: (713) 621-8673         ATTORNEY FOR DEBTORS
    Facsimile: (713) 621-8583
    E-mail: EDECF@BDFGROUP.COM
    ATTORNEY FOR MOVANT